UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NML CAPITAL LTD., | Case No. 2:14-cv-01573-LDG-PAL |
| Plaintiff, | ORDER |
| v. | (Mtn to Seal – Dkt. #9) |
| THE REPUBLIC OF ARGENTINA, | |
| Defendant. | |

This matter is before court on Plaintiff NML Capital Ltd.'s Motion for Leave to File Under Seal the Memorandum in Response to Nonparty Val de Loire LLC's Motion to Quash Subpoena or, in the Alternative, for Protective Order; and In Support of NML's Cross Motion to Compel and Exhibit S Thereto (Dkt. #9) filed October 14, 2014.  The court has considered the Motion.

The Motion seeks an order pursuant to Local Rule 10-5 allowing Plaintiff to file its Memorandum in Response to the Motion to Quash/Cross Motion to Compel (Dkt. #8) and Exhibit S to the Response/Cross Motion under seal.  Plaintiff asserts that Magistrate Judge Cam Ferenbach entered a stipulated protective order (the "Protective Order") in a related case, which is pending as *NML Capital, Ltd. v. Republic of Argentina,* Case No. 2:14-cv-00492-RFB-VCF. As part of Plaintiff's Cross Motion, it refers to and relies on deposition testimony given by Patricia Amunategui on September 11, 2014.  The transcript of that deposition is attached to the Cross Motion as Exhibit S and was designated confidential pursuant to the terms of the Protective Order.  Plaintiff contends that the Ninth Circuit has held that when a district court enters a protective order, it has determined that good cause exists to protect information from being disclosed to the public.

As a general matter, there is a strong presumption of access to judicial records. *See Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006). Additionally, it is well-established in the Ninth Circuit that the "fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News v. United States District Court,* 187 F.3d 1096, 1103 (9th Cir.1999). However, the Ninth Circuit has carved out an exception to this presumption of access for materials attached to non-dispositive motions where the movant makes a particularized showing of good cause under Rule 26(c) of the Federal Rules of Civil Procedure that rebuts the public's right of access. *See Foltz v. State Farm Mut. Ins. Co.,* 331 F.3d 1122, 1135, 1138 (9th Cir. 2003); *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002).

As an initial matter, Plaintiff's reliance on the Protective Order to establish good cause to seal the documents is insufficient. The Ninth Circuit requires a party to make a particularized showing of good cause for each document it seeks to file under seal. *See Foltz,* 331 F.3d at 1131. The movant must make the required particularized showing for each document they seek to seal. A party seeking a blanket protective order "typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document." *Id.* at 1133; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (explaining that blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause"). The *Beckman* panel also observed that reliance on a stipulated blanket protective order does not justify sealing court records. 966 F.2d at 475-76. Because a blanket stipulated protective order does not contain a finding of good cause to keep any particular document confidential, the fact that a court has entered a blanket stipulated protective order and that a party has designated a document confidential pursuant to that protective order does not establish good cause for sealing a particular document. *See, e.g., Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 2014 U.S. Dist. Lexis 78873, *3-4 (D. Nev. June 9, 2014).

The language Plaintiff relies on from *Kamakana* refers to protective orders entered pursuant to Rule 26(c) and not to blanket protective orders. In fact, later the *Kamakana* opinion itself, the Ninth Circuit directly addresses "the hazard of stipulated protective orders," noting

1 they often "purport to put the entire litigation under lock and key without regard to the actual
2 requirements of Rule 26(c)." 447 F.3d at 1183. The Protective Order itself provides that a
3 "party seeking to file the [confidential] documents bears the burden of demonstrating that 'good
4 cause' exists to file such documents under seal." Protective Order, attached to Motion to Seal as
5 Exhibit A.

6 Plaintiff has not met its burden of making a particularized showing of good cause for
7 each document it seeks to file under seal. It did not provided any specific facts, supported by
8 affidavits or concrete examples, to show any specific confidential information should remain
9 under seal or establish that disclosure of the information would cause an identifiable and
10 significant harm.

11 Accordingly,

12 **IT IS ORDERED**:

13 1. Plaintiff's Motion to Seal (Dkt. #9) is DENIED WITHOUT PREJUDICE.

14 2. Plaintiff shall have until **October 30, 2014,** to file a memorandum of points and
15 authorities and any supporting declaration or affidavit to make a particularized
16 showing of good cause why the Response and Cross-Motion filed with the Motion to
17 Seal should remain under seal.

18 3. The Response and Cross Motion filed with the Motion to Seal shall remain under seal
19 until October 30, 2014. If Plaintiff fails to timely comply with this order, the Clerk of
20 the Court is directed to unseal the documents to make them available on the public
21 docket.

22 Dated this 16th day of October, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE